1

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7                  FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   MIAE YIM,                              1:05-CV-0917-AWI-TAG HC

10              Petitioner,

11        vs.                             REPORT AND RECOMMENDATION
                                          TO DISMISS PETITION FOR WRIT
12   INS,                                 OF HABEAS CORPUS FOR FAILURE TO
                                          OBEY A COURT ORDER
13              Respondent..              (Doc. 5, Attach.1)
                                    /
14

15       Petitioner Miae Yim ("petitioner") is proceeding pro se in a petition for a writ of habeas

16   corpus pursuant to 28 U.S.C. § 2241.  On August 15, 2005, the court issued an order requiring

17   petitioner pay the $5.00 filing fee within 30 days of the date of service of the order.  (Doc. 8).  More

18   than 30 days have passed and petitioner has not complied with or otherwise responded to the court's

19   order.[1]

20       Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local

21   Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

22   sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

23   control their dockets and "in the exercise of that power, they may impose sanctions including, where

24   appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.

25   1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

26       [1] The United States Postal Service returned the order on August 22, 2005 as undeliverable.  A notation on the
     envelope indicates that petitioner is "out of custody".  However, petitioner has not notified the court of any change in his
27   address.  Absent such notice, service at a party's prior address is fully effective.  Local Rule 83-182(f).

28                                            1

1  action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v.

2  Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

3  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

4  requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

5  (dismissal for failure to comply with local rule requiring pro se petitioners to keep court apprised of

6  address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

7  comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

8  failure to lack of prosecution and failure to comply with local rules).

9         In determining whether to dismiss an action for lack of prosecution, failure to obey a court

10  order, or failure to comply with local rules, the court must consider several factors: (1) the public's

11  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk

12  of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

13  (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

14  1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

15         In the instant case, the court finds that the public's interest in expeditiously resolving this

16  litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case was

17  filed in the Northern District on June 2, 2005 and was transferred and received in this court on July

18  15, 2005.  (Doc. 5, Attach. 1).  The third factor, risk of prejudice to respondent, also weighs in favor

19  of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in

20  prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor--

21  public policy favoring disposition of cases on their merits--is greatly outweighed by the factors in

22  favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the

23  court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik

24  v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The court's

25  order requiring petitioner to submit an application to proceed in forma pauperis expressly stated:

26  "Failure to follow this order may result in a recommendation that this action be dismissed pursuant

27  to Local Rule 11-110."   Thus, petitioner had adequate warning that dismissal would result from his

28                                                      2

1  noncompliance with the court's order.

2  **RECOMMENDATION**

3       Accordingly, the court HEREBY RECOMMENDS that the instant petition (Doc. 5,

4  Attach. 1), be DISMISSED based on petitioner's failure to obey the court's order of August 15, 2005.

5       This Report and Recommendation is submitted to the United States District Judge assigned

6  to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after

7  being served with this Report and Recommendation, petitioner may file written objections with the

8  court.  Such a document should be captioned "Objections to Magistrate Judge's Report and

9  Recommendation."  Petitioner is advised that failure to file objections within the specified time may

10  waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11

12  IT IS SO ORDERED.

13  **Dated:    September 15, 2005**               **/s/ Theresa A. Goldner**
    j6eb3d                                        UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                         3